**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **KIMBERLY ANNE POTRZEBOWSKI,** : | |
| : | |
| **Plaintiff,** | |
| : | **CIVIL ACTION NO. 3:10-0722** |
| v. | |
| : | **(RAMBO, D.J.)** |
| **REDLINE RACEWAY,** *et al.*, | **(MANNION, M.J.)** |
| : | |
| **Defendants.** | |
| : | |

## **MEMORANDUM AND ORDER**[1]

Pending before the court is defendants' motion for leave to file a third-party complaint. (Doc. No. 18). For the reasons set forth below, the defendants' motion is **DENIED.**

**I.    BACKGROUND**

On May 23, 2008, plaintiff Kimberly Potrzebowski attended a motor vehicle race that her husband, Ajay Potrzebowski, was competing in, at defendant Redline Raceway. Prior to competing in the race, Ajay

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited herein have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

Potrzebowski signed a Release and Waiver of Liability and Indemnity Agreement ("Indemnity Agreement") that provided:

> IN CONSIDERATION of being permitted to enter for any purpose any RESTRICTED AREA (herein defined as including but not limited to the racing surface, pit areas, infield, burn out area, shut down area, and all walkways, concessions and other areas appurtenant to any area where any activity related to the event shall take place), or being permitted to compete, officiate, observe, work for, or for any purpose participate in any way in the event, EACH OF THE UNDERSIGNED, for himself, his personal representatives, heirs, and next of kin, acknowledges, agrees and represents that he has or will immediately upon entering any of such restricted area, and will continuously thereafter, inspect such restricted areas and all portions thereof which he enters and with which he comes in contact, and he does further warrant that his entry upon such restricted area or areas and his participation, if any, in the event constitutes an acknowledgment that he has inspected such restricted area and that he finds and accepts the same as being safe and reasonably suited for the purposes of his use, and he further agrees and warrants that if, at any time, he is in or about restricted areas and he feels anything to be unsafe, he will immediately advise the officials of such and will leave the restricted areas:
>
> . . . .
>
> 2. HEREBY AGREES TO INDEMNIFY AND SAVE AND HOLD HARMLESS the releasees and each of them from any loss, liability, damage or cost they may incur due to the presence of the undersigned in or upon the restricted area or in any way competing, officiating, observing or working for, or for any purpose participating in the event and whether caused by the negligence of the releasees or otherwise.
>
> . . . .

> EACH OF THE UNDERSIGNED expressly acknowledges and agrees that the activities of the event are very dangerous and involve the risk of serious injury and/or death and/or property damage. EACH OF THE UNDERSIGNED further expressly agrees that the foregoing release, waiver, and indemnity agreement is intended to be as broad and inclusive as is permitted by the law of the Province or State in which the event is conducted and that if any portion thereof is held invalid, it is agreed that the balance shall, notwithstanding, continue in full legal force and effect.

(Doc. No. 18-2 at 2). During the race, the plaintiff sat in the elevated spectator area in order to watch her husband compete. After the plaintiff's husband successfully completed the race, the plaintiff was invited to come down and join her husband who was in the lower pit area. In order to join her husband in the lower pit area, the plaintiff needed to use a staircase that went, from the elevated spectator area, down into the lower pit area. While walking down that staircase, the plaintiff allegedly fell and sustained injuries.[2]

On April 5, 2010, the plaintiff commenced this action by filing a complaint, sounding in negligence, against defendants Redline Raceway; Barry Matthews, Sr., individually; and Barry Matthews, Sr. d/b/a Matthews Trucking; Brock Matthews and Barry Matthews, Jr. (Doc. No. 1). The parties

---

[2] For purposes of this motion, the parties agree to assume that the plaintiff was in a restricted area when she fell down and injured herself.

subsequently entered into a stipulation agreeing to dismiss defendants Barry Matthews Jr., Brock Matthews and Matthews Trucking from this action. (Doc. No. 38). As such, the remaining defendants in this action are Redline Raceway and Barry Matthews Sr. *Id.*

On September 17, 2010, the defendants filed a motion for leave to file a third-party complaint that was accompanied by a brief in support. (Doc. No. 18), (Doc. No. 19). The gravamen of the defendants' motion is that the Indemnity Agreement requires Ajay Potrzebowski to indemnify the defendants for any liability or damages they may incur due to the plaintiff's injuries, and, as such, he should be joined as a third-party defendant in this action. On September 28, 2010, the plaintiff filed a brief in opposition, as well as a response to the defendants' motion. (Doc. No. 21), (Doc. No. 22). On October 12, 2010, the defendants filed a reply brief. (Doc. No. 25).

On October 20, 2010, the undersigned held oral argument on defendants' motion for leave to file a third-party complaint. (Doc. No. 26). Following oral argument, the court ordered additional briefing with respect to the relevant language in the Indemnity Agreement. *Id.* As such, on November 12, 2010, the defendants filed a supplemental brief in support, (Doc. No. 31), and, on December 9, 2010, the plaintiff filed a supplemental brief in

4

opposition, (Doc. No. 34). Thus, this motion is ripe for our consideration.

**II.    LEGAL STANDARD**

Defendants' motion for leave to file a third-party complaint is brought pursuant to Rule 14(a). Rule 14(a) provides that "a defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). Moreover, Local Rule 14.1 provides that:

> A motion by a defendant for leave to join a third-party defendant under Fed. R. Civ. P. 14(a) shall be made within three (3) months after an order has been entered setting the case for trial, or within six (6) months after the date of service of the moving defendant's answer to the complaint, whichever shall first occur.

M.D. Pa. L.R. 14.1. However, Local Rule 14.3 also provides that, Local Rule 14.1 may be suspended upon a showing of good cause. *See* M.D. Pa. L.R. 14.3.

The purpose of Rule 14(a) is "to permit additional parties whose rights may be affected by the decision in the original action to be joined and brought in so as to expedite the final determination of the rights and liabilities of all of the interested persons in one suit." *See Naramanian v. Greyhound Lines, Inc.*, No. 07-4757, 2010 U.S. Dist. LEXIS 121145, at *5 (E.D. Pa. Nov. 15, 2010)

5

(quoting *Glens Falls Indem. Co. v. Atl. Bldg. Corp.*, 199 F.2d 60, 63 (4th Cir. 1952)). In order to utilize the procedure of Rule 14, a third-party plaintiff must demonstrate some substantive basis for its claim. *Pitcavage v. Mastercraft Boat Co.*, 632 F. Supp. 842, 845 (M.D. Pa. 1985). Moreover, the Third Circuit has held that

> A third-party claim may be asserted under Rule 14(a) only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to defendant. If the claim is separate or independent from the main action, impleader will be denied.

*FDIC v. Bathgate*, 27 F.3d 850, 873 (3d Cir. 1994) (quoting C.A. Wright, A. Miller, M. K. Kane, Federal Practice and Procedure, Vol. 6, §1446, at 355-58 (1990)). Furthermore, in a diversity action, the court must apply state law in order to determine if a third-party plaintiff has raised a proper substantive basis for its claim. *See Robbins v. Yamaha Motor Corp.*, 98 F.R.D. 36, 38 (M.D. Pa. 1983) (citing *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938)).

If there is a proper substantive basis for the filing of a third-party complaint, the court must determine if it should permit the filing of the third-party complaint. As such, the court may consider (1) the possible prejudice to the plaintiff; (2) complication of issues at trial; (3) probability of trial delay; and (4) timeliness of the motion. *Gonzalez v. Angelus Sanitary*

*Canning Mach. Co.*, No. 09-1455, 2010 U.S. Dist. LEXIS 116441, at *7 (M.D. Pa. Nov. 2, 2010) (citations omitted).

## III. ANALYSIS

The defendants argue that they should be permitted to file a third-party complaint against the plaintiff's husband, Ajay Potrzebowski, because the Indemnity Agreement that he signed, prior to competing in the race, requires him to indemnify the defendants for any damages or liability they may incur due to plaintiff's injuries. Thus, the defendants' substantive basis for the filing of a third-party complaint is indemnification.

Under Pennsylvania law, indemnity is available where there is an express contract to indemnify. *AMTRAK v. URS Corp.*, 528 F. Supp. 2d 525, 532 (E.D. Pa. 2007) (quoting *Richardson v. John F. Kennedy Memorial Hosp.*, 838 F. Supp. 979, 989 (E.D. Pa. 1993)). Moreover,

> The construction of an indemnity contract is a question of law for the court to decide. *See Hutchison v. Sunbeam Coal Corp.*, 513 Pa. 192, 201(1986). Under Pennsylvania law, the court must strictly construe the scope of an indemnity contract against the party seeking indemnification. *See Brown v. Moore*, 247 F.2d 711, 722 (3d Cir. 1957), disapproved on other grounds. As with any other contract, the court must determine the intentions of the parties. *See Metzger v. Clifford Realty Corp.*, 327 Pa. Super. 377, 385 (1984) (citation omitted). If the indemnity clause is clear and unambiguous, then the intentions of the parties should be

ascertained primarily by looking to the language used in the agreement. *See Fallon Elec. Co., Inc. v. The Cincinnati Ins. Co., 121 F.3d 125, 127 (3d Cir. 1997)*. Only where the court finds ambiguity may it consider the circumstances under which the contract was signed. *See East Crossroads Ctr., Inc. v. Mellon Stuart Co., 416 Pa. 229, 230 (1965)*. The mere fact that the parties do not agree upon the proper interpretation of an indemnity clause does not necessarily render the clause ambiguous. *See Metzger, 327 Pa. Super. at 386*.

*Jacobs Constructors, Inc. v. NPS Energy Servs.*, 264 F.3d 365, 371 (3d Cir. 2001). Furthermore, it is well-settled in Pennsylvania that an indemnity agreement that covers loss due to the indemnitee's own negligence must be clear and unequivocal. *Id.*

Here, the Indemnity Agreement provides:

IN CONSIDERATION of being permitted to enter for any purpose any RESTRICTED AREA . . . or being permitted to compete, officiate, observe, work for, or for any purpose participate in any way in the event, EACH OF THE UNDERSIGNED, for himself, his personal representatives, heirs, and next of kin, acknowledges, agrees and represents that he has or will immediately upon entering any of such restricted area, and will continuously thereafter, inspect such restricted areas and all portions thereof which he enters and with which he comes in contact, and he does further warrant that his entry upon such restricted area or areas and his participation, if any, in the event constitutes an acknowledgment that he has inspected such restricted area and that he finds and accepts the same as being safe and reasonably suited for the purposes of his use, and he further agrees and warrants that if, at any time, he is in or about restricted areas and he feels anything to be unsafe, he will immediately advise the officials of such and will leave the restricted areas:

8

> 2. **HEREBY AGREES TO INDEMNIFY AND SAVE AND HOLD HARMLESS** the releasees and each of them from any loss, liability, damage or cost they may incur **due to the presence of the undersigned** in or upon the restricted area or in any way competing, officiating, observing or working for, or for any purpose participating in the event and whether caused by the negligence of the releasees or otherwise.

(Doc. No. 18-2 at 2) (emphasis added).

The defendants argue that the "due to the presence of the undersigned" language in the Indemnity Agreement requires Ajay Potrzebowski to indemnify the defendants for any damages or liability they may incur due to plaintiff's injuries. More specifically, the defendants argue that:

> "Due only to the presence of Ajay Potrzebowski [the undersigned] in the restricted area, his wife, Plaintiff, traversed the steps located in the restricted area, which she alleges caused her injury. But-for Ajay Potrzebowski's presence in the restricted areas, Plaintiff would not have traversed the steps which she alleges caused her injury."

(Doc. No. 31 at 4). Therefore, according to the defendants, Ajay Potrzebowski is required to indemnify the defendants for any loss, liability, damage or cost they may incur for injuries sustained by the plaintiff, and, as such, he should be joined as a third-party defendant in this action.

However, the plaintiff argues that, because the court must construe the indemnity agreement against the defendants, and because there is no clear and unequivocal language that Ajay Potrzebowski agreed to indemnify the

9

defendants for injuries sustained by a third party due to the defendants' sole negligence, the Indemnity Agreement does not require Ajay Potrzebowski to indemnify the defendants. Plaintiff further argues that the defendants have not found any case law to support their position, and that, regardless, the defendants' motion is untimely.

The court is compelled to agree with the plaintiff. Here, the plaintiff's injuries stem from defendants' alleged sole negligence, and, there is no clear and unequivocal language in the Indemnity Agreement that indicates Ajay Potrzebowski, agreed to indemnify the defendants for an injury sustained by his wife, or any other third party, due to the defendants' sole negligence. *See Jacobs Constructors, Inc.,* 264 F.3d at 371. Moreover, as the court must strictly construe the Indemnity Agreement against the party seeking indemnification, the court must find that paragraph two of the Indemnity Agreement, means that the undersigned, Ajay Potrzebowski, agreed to hold the defendants harmless from losses due to injuries sustained by Ajay Potrzebowski, or inflicted by Ajay Potrzebowski, as a result of his participation in racing activities or his presence in the restricted area. *See id.* As indicated above, the plaintiff's injuries are unrelated to her husband's racing activities or his presence in the restricted area. Furthermore, the plaintiff has correctly

pointed out that the defendants have not found any cases which support their argument. Specifically, none of the cases cited by the defendants reach the issue of whether liability for injury to a third party, resulting from the sole and independent negligence of the proprietors, can be said to be due to the driver's participation in the race. Therefore, the defendants' motion for leave to file a third-party complaint against Ajay Potrzebowski is **DENIED.**[3]

As a final matter, the court notes that in plaintiff's initial brief in opposition, (Doc. No. 22), the plaintiff suggests that because the defendants' motion is both frivolous and meritless, the court should consider awarding the plaintiff costs and fees incurred in the defense of the motion pursuant to Rule 11. The Third Circuit has explained that, under Rule 11, an attorney's conduct should be tested under a standard of what was "objectively reasonable under the circumstances." *Simmerman v. Corino*, 27 F.3d 58, 62 (3d Cir.1994). To comply with this standard, counsel "must conduct a reasonable investigation of the facts and a normally competent level of legal research to support the presentation." *Id.*

The court is not persuaded that sanctions under Rule 11 are warranted.

---

[3] Because the court finds that the defendants' have not asserted a proper substantive basis for the filing of a third-party complaint, the court need not address the remaining issue of whether the defendants' motion is timely.

At oral argument, counsel for the defendants indicated that he filed the instant motion shortly after locating the Indemnity Agreement, and that he believed he had made the best argument he could make under the circumstances. Although the defendants' raised novel and meritless arguments based upon an expansive view of the language in the Indemnity Agreement, the court does not find that the basis for defendants' motion was so objectively unreasonable that sanctions should be imposed. As such, the plaintiff's motion to be awarded costs and fees under Rule 11, is **DENIED**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**DATE:** May 25, 2011
O:\shared\ORDERS\2010 ORDERS\10-0722-07.wpd